**Chuck ARRIETA, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner Social Security Administration, Defendant—Appellee.**

**No. 07–55740.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Nov. 21, 2008.*

Filed Nov. 25, 2008.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Mark A. Win, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

ed by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,** District Judge.

### MEMORANDUM ***

Claimant Carlos (Chuck) Arrieta appeals from an adverse judgment in this social security disability case. We review the district court's judgment de novo, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001), and must affirm the decision of the Commissioner of the Social Security Administration if it is supported by substantial evidence, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998).

■ 1. Substantial evidence supports the administrative law judge's ("ALJ") determination that Claimant's impairments did not meet or equal Listing 1.05C (certain vertebrogenic disorders).[1] Many doctors examined claimant over a period of several years, including Drs. Maurice, Hoos, Schatz, and Siciarz, and none found impairments that meet or equal that Listing. Substantial evidence also supports the determination that Claimant's impairments did not meet or equal Listing 1.12 (certain fractures of an upper extremity). No medical evidence supports a finding that Claimant sustained a nonunion of a fracture of the shaft of the humerus, radius, or ulna.

■ 2. The ALJ did not err by allowing the same medical expert, Dr. Gurvey, to testify at Claimant's 2001 hearing and again at his 2005 hearing. We have found no legal authority that prohibits the same medical expert from testifying at two hearings involving the same claimant. Although it appears to be the Commissioner's policy not to request testimony from a medical expert who has examined an individual in the past, Dr. Gurvey never examined Claimant.

■ 3. Substantial evidence supports the ALJ's determination of Claimant's residual functional capacity. Medical reports and testimony presented at the 2001 hearing support the ALJ's conclusion in this regard.

4. The ALJ properly evaluated the opinions of Drs. Maurice, Nathan, Smith, Percival, and Rao, Claimant's treating physicians. In fact, the ALJ relied on those opinions when concluding that Claimant was not disabled. Moreover, the reports of consulting physicians Drs. J. Smith and Schatz were consistent with the diagnoses of the treating physicians.

■ 5. The ALJ properly relied on the vocational expert's testimony. That testimony was delivered in 1996, which is within the relevant time period covered by the claim (alleged onset of June 29, 1993, through December 31, 1997, the date on which insured status lapsed). The rehabilitation evaluation report did not come until 2000, but it is consistent with the vocational expert's testimony and did not change the outcome.

AFFIRMED.

---

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The Listings were amended in 2001, seven years after Claimant filed his Social Security Application. The amended Listings became effective on February 19, 2002. 66 Fed.Reg. 58010 (Nov. 19, 2001). The amended Listings apply to new applications filed on or after the February 19, 2002, effective date. *Id.* Because Claimant filed his application in 1994, only the Listings previously in effect are relevant to this case.